PER CURIAM:
This claim was originally styled in the name of Linda A. Sutton, but when the testimony indicated that the vehicle, a 1982 Dodge Aries, was titled in the name of Linda A. Sutton and Dennis W. Sutton, the Court, on its own motion, amended the style to include Dennis W. Sutton as an additional claimant.
Claimant Linda A. Sutton testified that she was operating her vehicle on 1-64 between the South Charleston and Kanawha Turnpike Exits, Kanawha County, West Virginia, when the vehicle struck a hole in the pavement. The incident occurred on March 27; 1985, at approximately 2:00 p.m. . The weather was clear. The Interstate is three lanes wide at the location of the incident. Linda A. Sutton was travelling west in the center lane of the Interstate when her vehicle struck a hole located in the center lane. She testified that she had travelled the road daily, but had. not observed the pothole prior to this incident. To the best of her knowledge, she believed the pothole to have been present less than 24 hours. As a result of striking'the hole, it was necessary to replace a tire and to have the vehicle realigned for a total cost of $162.60. .
*96 Ray Harmon, respondent's employee, testified that he was involved in the maintenance of the section of 1-64 which is the subject of this claim. He testified that he thought he repaired the hole before it was struck by claimant Linda Sutton. However, Mr. Harmon was not certain of the date on which the repairs were made.
Mr. Herbert C. Boggs, Interstate Supervisor, District I, for respondent, testified that on March 27, 1985 he received a call informing him that there was "a blow up in the concrete" at the site of this incident. He then directed a crew to repair this section of the Interstate. Mr. Boggs testified that the notification to him was received after claimant Linda Sutton's incident.
The evidence in this record indicates that the defective condition of the pavement appeared suddenly and that the respondent promptly moved to repair the defect as soon as it became aware of the problem. Moore v. Dept. of Highways, CC-85-153 (February 19, 1986). Banhart v. Dept. of Highways, 12 Ct.Cl. 236 (1979). Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947), holds that the State is neither an insurer nor a guarantor of the safety of the motorists on its highways. The Court is of the opinion that negligence on the part of the respondent has not been established, and therefore, the Court denies the claim.
Claim disallowed.